FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB 18 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   COMPLAINT

MILAGROS FRANCO,

                 Plaintiff,     **CV 10 - 0725**

   -against-     10 Civ-

GREENLIGHT BOOKSTORE LLC
and FULTON STREET ASSOCIATES LP,     **TRAGER, J.**

                 Defendants.
------------------------------------------------------------------X   **AZRACK, M.J.**

## STATEMENT OF PLAINTIFF'S CLAIMS

1. Plaintiff files this action complaining of defendants for violations of the Americans with Disabilities Act, 42 U.S.C. Section 12182 et seq. and 42 U.S.C. Section 12204 et seq. (hereinafter, "ADA"), the New York State Executive Law, Section 296 (hereinafter, "Human Rights Law") and the New York City Administrative Code, Title 8, Chapter 1, Section 8-107(4)(a) (hereinafter, "Human Rights Code"). Plaintiff, an individual with a disability who uses a wheelchair, was unable to safely and independently enter the Greenlight Bookstore at 686 Fulton Street, Brooklyn, New York (hereinafter, "Premises") because there is a single step in front of the store's entrance. Plaintiff seeks declaratory and injunctive relief, compensatory and punitive or exemplary damages as well as attorney's fees and costs against the defendants.

## PARTIES

2. Plaintiff MILAGROS FRANCO (hereinafter, "FRANCO") resides in Manhattan, New York and is an individual with a disability known as cerebral palsy. She uses a motorized wheelchair to obtain mobility

1

3. Defendant GREENLIGHT BOOKSTORE LLC (hereinafter, "GREENLIGHT") is an active domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

4. Defendant FULTON STREET ASSOCIATES LP (hereinafter, "FULTON") is an active domestic limited partnership duly organized and existing under and by virtue of the laws of the State of New York.

## VENUE AND JURISDICTION

5. This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331 and 2201 and through the ADA.

6. This Court has venue through the business and/or real estate activities of the defendants in Kings County.

## FOR A FIRST CAUSE OF ACTION
## UNDER TITLE III OF THE ADA

7. Defendant FULTON owns the building located at 686 Fulton Street, Brooklyn, New York.

8. Defendant FULTON leases space on the 1st floor of the Premises to defendant GREENLIGHT.

9. Defendant GREENLIGHT owns and/or operates the Greenlight Bookstore doing business on the 1st floor of the Premises.

10. The Premises complained of herein is a place of public accommodation within the definition of that term provided in 28 CFR § 36.104.

11. There is a single step up from the public sidewalk onto the entrance to the bookstore. The step is approximately 4-5 inches in height. This step represents an

insurmountable barrier to independent entry by FRANCO and other individuals who use wheelchairs.

12. FRANCO visits the area near the Greenlight Bookstore frequently. She attempted to shop at the Greenlight Bookstore in November 2009, but was unable to enter the store because of the 4-5 inch high step.

13. FRANCO will shop at the Greenlight Bookstore in the future when the defendants modify the Premises to accommodate people who use wheelchairs.

14. Although the ADA was signed into law on July 26, 1990, it became effective on January 26, 1992. The 18 month time lag between passage of the ADA and its effective date was created by Congress to provide owners and operators of places of public accommodation with time to investigate means and costs of compliance with the ADA and to complete all changes required by the law.

15. Upon information and belief, the Premises has been occupied by places of public accommodation since July, 26, 1990.

16. Upon information and belief, defendants, or their predecessors in interest, altered the primary function area(s) of the Premises after January 26, 1992.

17. In altering the primary function area(s), defendants, or their predecessors in interest, failed to alter the path of travel to the primary function area(s) in accordance with the requirements of 28 CFR § 36.403.

18. To the extent that the barriers to access complained of herein are found to be existing elements or areas of the Premises not subject to the ADA's alterations requirements, the modifications needed to make them accessible pursuant to 28 CFR § 36.304 are readily achievable.

19. The failure of the defendants to remove the barriers to access complained of herein violates the ADA rights of the plaintiff and other individuals who use wheelchairs and want to purchase books at the Greenlight Bookstore.

### FOR A SECOND CAUSE OF ACTION
### UNDER THE HUMAN RIGHTS LAW

20. Plaintiff repeats and re-alleges paragraphs one (1) through nineteen (19) as if fully set forth herein.

21. The Human Rights Law provides equivalent or greater civil rights protections for persons with disabilities than are provided by the ADA, including the right to compensatory damages.

22. Defendants GREENLIGHT and FULTON discriminate against the plaintiff in violation of the Human Rights Law by their failure to provide an accessible route into the Greenlight Bookstore.

23. Defendants were aware of their obligation to provide an accessible route into the Greenlight Bookstore for individuals with disabilities. Their failure to provide an accessible route is indicative of a callous disregard of the rights of the plaintiff and similarly situated customers with disabilities to purchase books at the Premises.

24. Upon information and belief, defendants GREENLIGHT and FULTON were aware of the existence of individuals who use wheelchairs and the rights created by the ADA, Human Rights Law and Human Rights Code that were designed to provide individuals with disabilities the right to participate in the fruits of public commerce.

25. Plaintiff seeks compensatory damages against defendants under the Human Rights Law for defendants' violations of his civil rights.

## FOR A THIRD CAUSE OF ACTION
## UNDER THE HUMAN RIGHTS CODE

26. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-five (25) as if fully set forth herein.

27. Defendant violated Title 8, Chapter 1, Section 8-107(4)(a) of the Human Rights Code and Local Law 58.

28. Plaintiff seeks compensatory damages and punitive or exemplary damages against defendants under the Human Rights Code for defendants' willful injury to her rights and the rights of the class of persons similarly situated.

## INJUNCTIVE RELIEF

29. Injunctive relief is necessary to order defendants to cease their violations of the ADA, Human Rights Law and Human Rights Code, and to provide the plaintiff with the rights afforded to her under these federal, state and local laws.

30. There are reasonable grounds to believe that defendants will continue to engage in acts and practices prohibited by the ADA, Human Rights Law and the Human Rights Code, complained of herein, if injunctive relief is not granted.

## DECLARATORY RELIEF

31. Plaintiff is entitled to a declaratory judgment specifying each of the ADA, Human Rights Law and Human Rights Code violations committed by defendants and each of the Plaintiff's rights to relief as against defendants.

## DAMAGES

32. Plaintiff demands TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in compensatory damages and TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in punitive or exemplary damages against defendants.

## ATTORNEY'S FEES AND COSTS

33. Plaintiff had to retain counsel to enforce her rights under the ADA, Human Rights Law and Human Rights Code.  The undersigned counsel is entitled to recover attorney's fees, costs and expenses from the defendants if the plaintiff prevails in this lawsuit.

## JURY DEMAND

34. Plaintiff hereby demands trial by jury on the issue of damages under her Human Rights Law and Human Rights Code claims.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief from the Court:

A. Issue a permanent injunction against the defendants, requiring defendants, and all persons or entities in active concert therewith, to provide an accessible route into the Premises for individuals who use wheelchairs.

B. Enter declaratory judgment in favor of the plaintiff specifying her rights under the ADA, Human Rights Law and Human Rights Code as against the defendants and specifying each of the defendants' violations of those laws.

C. Award plaintiff TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in compensatory damages and TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in punitive or exemplary damages.

D. Find that plaintiff is a prevailing party in this lawsuit and award reasonable attorney's fees, costs and expenses against defendants, and award such other and further relief, at law or equity, to which the plaintiff may be justly entitled.

Dated:    Woodbury, New York
          February 12, 2010

                                                                          */s/ Martin J. Coleman*

Martin J. Coleman, Esq., (MJC 7945)
Law Office of Martin J. Coleman, P.C.
100 Crossways Park West, Suite 412
Woodbury, New York 11797
(516) 802-5960;  (516) 802-5961 (f)